**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HOPE MCDONALD, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO.: |
| BALY LLC d/b/a FABRIKA BALY LLC; and JOHN DOES 1-5 AND 6-10, | : | **Electronically filed** |
| | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff, Hope McDonald ("Plaintiff"), residing in Mantua, New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This matter is brought under the Pregnancy Discrimination Act of 1978 ("PDA") 42 U.S.C. § 2000e *et seq*.; the Pregnant Workers Fairness Act ("PWFA") 42 U.S.C. § 2000gg *et seq*. and the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.* and in the alternative under the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951 *et seq.*, alleging employment discrimination on the basis of pregnancy.

**Jurisdiction and Venue**

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because all of the events or substantially all of the events described below took place within the District.

**Identification of Parties**

3. Hope McDonald ("Plaintiff") resides in Mantua, New Jersey and, at all relevant times herein, was an employee of the Defendants as defined the PDA, PWFA, FMLA, and the PHRA.

4. Defendant Baly LLC d/b/a Fabrika is a limited liability company doing business at 1108 Frankford Avenue, Philadelphia, PA 19125 and, at all relevant times herein, was the employer of Plaintiff as defined by the PDA, PWFA, FMLA, and the PHRA.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff within the matter.

**Exhaustion of Administrative Remedies**

6. Plaintiff exhausted her administrative remedies by filing Complaints encompassing all claims herein concurrently with the Equal Employment Opportunity Commission ("EEOC"), and the Pennsylvania Human Relations Commission ("PHRC"), and for which Complaint the EEOC issued a "Right to Sue" Notice closing its investigation on or about July 24, 2026, less than 90 days prior to filing of this Complaint.

7. A true copy of the EEOC Notice of Right to Sue is attached hereto as Exhibit A.

**General Allegations**

8. Plaintiff was employed by Defendant from on or about May 11, 2024 until her unlawful termination on May 22, 2025.

9. Plaintiff belongs to a protected class as she was pregnant at all relevant times.

10. Plaintiff held the positions of host, reservations manager, and the event planner for Defendants.

11. At all relevant times, Plaintiff performed up to and/or beyond the reasonable expectations of her employers.

12. In September 2024, Plaintiff learned that she had become pregnant and thereafter informed Defendants in October 2024.

13. Plaintiff made proper requests for reasonable accommodations to perform her duties for Defendant and for leave pursuant to the Family and Medical Leave Act.

14. On May 12, 2025, Plaintiff's physician sent Plaintiff to the hospital in connection with her pregnancy.

15. Plaintiff texted both Defendants' owner and general manager to inform them that she was being admitted to the hospital.

16. Plaintiff remained in contact to discuss ongoing events she was coordinating on May 21, 2025.

17. On May 21, 2025, while in active labor, Plaintiff continued working fielding event-related calls.

18. On May 22, 2025, Plaintiff gave birth to her child.

19. On May 22, 2025, Defendant terminated Plaintiff's employment.

20. Plaintiff asserts that Defendant wrongfully terminated the employment of Plaintiff as a direct result of her pregnancy, her request for reasonable accommodations, and in retaliation for her protected activity.

21. Plaintiff was an eligible employee under the FMLA, in that she has been employed for at least a year and has worked at least 1,250 hours during that period.

22. Defendants are covered employers under the FMLA, in that they have employed in excess of 50 employees within 75 miles of Plaintiff's work location.

23. A determinative and/or motivating factor in Plaintiff's discipline and discharge was Plaintiff's seeking and taking a medical leave consistent with her FMLA rights.

24. As a result of Defendants' actions and/or omissions described above, Plaintiff has been forced to suffer economic and non-economic harm, including pain and suffering and emotional distress.

25. Because Defendants' actions and/or omissions described above were undertaken by members of upper management and/or members of upper management were willfully indifferent to same, and because such actions were especially egregious, punitive damages are warranted.

**COUNT I**

**PDA – Pregnancy Discrimination**

26. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

27. For the reasons set forth above, the Defendants are liable to Plaintiff for pregnancy discrimination in violation of the PDA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

## PWFA – Pregnancy Discrimination

28. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

29. For the reasons set forth above, the Defendants are liable to Plaintiff for pregnancy discrimination in violation of the PWFA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

## Retaliation

30. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

31. For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful discrimination in retaliation for disclosing her pregnancy and seeking reasonable accommodations for same.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT IV**

**Interference under the FMLA**

32. Plaintiff hereby repeats and re-alleges paragraphs 1 through 40, as though fully set forth herein.

33. For the reasons set forth above, the Defendants have unlawfully engaged in interference in violation of the FMLA such that they are liable to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, liquidated damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT V**

**Retaliation under the FMLA**

34. Plaintiff hereby repeats and re-alleges paragraphs 1 through 40, as though fully set forth herein.

35. For the reasons set forth above, the Defendants have unlawfully engaged in retaliation in violation of the FMLA such that they are liable to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, liquidated damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT VI**

**PDA – Pregnancy Discrimination**

36. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

37. For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful discrimination as a result of pregnancy.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT VII**

**PHRA – Retaliation**

38. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

39. For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally, and in the alternative, together with compensatory damages including emotional distress and personal hardship, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**Request for Equitable Relief**

40. Plaintiff hereby repeats and re-alleges all preceding paragraphs as though fully set forth herein.

41. In addition to the judgement of relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

a. Plaintiff requests a declaration by this Court that the practices contested herein violate Pennsylvania and Federal Law as set forth herein;

b. Plaintiff requests that this Court order the Defendants to cease and desist engaging in unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

c. Plaintiff requests equitable reinstatement to his position or to a position of at least equivalent status and terms of employment including compensation, together with equitable back pay and equitable front pay;

d. Plaintiff requests that any order for equitable reinstatement, equitable back pay and/or equitable front pay includes the full value of all loss wages, benefits, fringe benefits, other remuneration of which Plaintiff was deprived due to Defendants unlawful acts such that the equitable remedies ordered make Plaintiff whole;

e. Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or his attorneys' fees in connection with this litigation and all Plaintiff's reasonable attorneys' fees along with statutory required enhancements to said attorneys' fees;

f. Plaintiff requests that the Court order the Defendants to have all personnel undergo and complete an initial training with ninety (90) days of any equitable order, and thereafter annual training, on the prevention of employment practices prohibited by the PDA, PDFA, FMLA, and PHRA and to require that such training be conducted by an independent consultant with specific expertise in such training and prevention and who is not otherwise employed by or in a contractual relationship with the Defendants;

g. Plaintiff requests that the Court order the Defendants to furnish proof of completion of the initial training described herein to Plaintiff within one hundred eighty (180) days of the entry of any such equitable order;

h. Plaintiff requests that the Court order the Defendants to expunge from all records any reference to any discipline or termination of the Plaintiff and the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of his employment, the last position held unless legally required to produce other information;

i. Plaintiff requests the Court do such other equity as is reasonable, appropriate, and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, declaratory relief and equitable relief to include equitable reinstatement, equitable back pay, equitable front pay, interest, costs, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

Respectfully submitted,

**COSTELLO & SILVERMAN, LLC**

By: ***/s/ Mark D. Laderman***

**Mark D. Laderman**
PA ID No. 201153
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
mladerman@costellosilverman.com
Attorney for Plaintiff

Dated: September 7, 2026

**DEMAND FOR A TRIAL BY JURY**

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & SILVERMAN, LLC**

By: ***/s/ Mark D. Laderman***
**Mark D. Laderman**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/24/2026

**To:** Ms. Hope McDonald
528 Galahad Court
Mantua, NJ 08051

**Re:** Hope McDonald v. Baly LLC DBA Fabrika
Charge No: 530-2025-09722

EEOC Representative and contact number:

Legal Unit
267-589-9707

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-09722.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
07/24/2026

Karen McDonough
DEPUTY DIRECTOR

**Cc:**
NA NA
1108 Frankford Ave
Philadelphia, PA 19125

Aubrie Linder
207 Buck Road Suite 2
Southampton, PA 18966

Director Human
BALY LLC dba FABRIKA
1108 Frankford Ave
Philadelphia, PA 19125

Mark D Laderman Esq.
Costello & Silverman LLC
18000 Horizon Way Suite 800
Mount Laurel, NJ 08054

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2025-09722 to the Deputy Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2025-09722 to the Deputy Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.